Exhibit A

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Octavio Cardona-Loya II, Esq. SBN 255309<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO: 619-476-0030   FAX NO (Optional): 775-898-5471<br>ATTORNEY FOR (Name): Plaintiff ROBERT TAPIA | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | |
| PLAINTIFF(S)<br>ROBERT TAPIA | JUDGE<br>The Hon. Ronald L. Styn |
| DEFENDANT(S)<br>FMS, INC. | DEPT<br>C-62 |
| AMENDMENT TO COMPLAINT | CASE NUMBER<br>37-2014-00007614-CU-NP-CTL |

Under Code Civ. Proc. § 474:
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

_____

and having discovered the true name of defendant to be _____,

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____

_____
Signature

Under Code Civ. Proc. § 473:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated ☒ defendant ☐ plaintiff in the complaint by the name of
FMS, INC.
and having discovered ☒ name to be incorrect and the correct name is ☐ defendant also uses the name of
FMS INVESTMENT CORP. (Entity address: 1701 W GOLF RD. STE 2-150, ROLLING MEADOWS, IL 60008)
amends the complaint by ☒ substituting ☐ adding such name(s) wherever the name of
FMS, INC.
appears in the complaint.

Date: April 8, 2014

_____
Signature

ORDER

The above amendment to the complaint is allowed.

Date: _____

_____
Judge/Commissioner of the Superior Court

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FMS, INC.; a corporation, and DOES 1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT TAPIA, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

2014 MAR 20 AM 9:40

CLERK...
SAN DIE... ITY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
San Diego County, Central Division
330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso)*
37-2014-00007614-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Octavio Cardona-Loya (SBN 255309) 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910. 619-476-0030

DATE: MAR 21 2014          Clerk, by G. Arce-Barraza          , Deputy
*(Fecha)*                   *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* FMS Investment Corp.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Octavio Cardona-Loya II, Esq. SBN 255309
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030 Fax: 775-898-5471
Attorney for Plaintiff

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ROBERT TAPIA, an individual, | Case No.: 37-2014-00007614-CU-NP-CTL |
| Plaintiff | COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices) |
| v. | |
| FMS, INC.; a corporation, and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for: violations of the Federal Fair Debt Collections Practices Act (FDCPA) and California Rosenthal Act ("Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive, acts and practices; violations of Telephone Consumer Protection Act (TCPA); and for violation of the Identity Theft Act, Civil Code §1798.92 *et seq.*

## II. PARTIES

2. Plaintiff ROBERT TAPIA is a natural person residing in San Diego County, California.

3. Defendant FMS, INC. is a company doing business of collecting debts in California operating from 4915 South Union Avenue, Tulsa, OK 74107. Its agent for service of process is CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR., STE 150N, SACRAMENTO, CA 95833.

4. Defendants are regularly engaged in the collection of debts from consumers using the mail and telephone; Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

5. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below. Each of the parties, named and fictitious (i.e. DOES), acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff. When the true names of the DOE Defendants are ascertained they will be substituted in.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9. The purported Debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. Defendant is a "claimant" as defined under the Identity Theft Act, Civ. Code § 1798.92(a).

11. Plaintiff is a "victim of identity theft" as defined by Civ. Code § 1798.92(d).

### III. FACTUAL ALLEGATIONS

12. On a date unknown, Plaintiff's identity was stolen.

13. An unknown individual took out student loans in Plaintiff's name (the "Debt").

14. On a date unknown, Defendant acquired information regarding the Debt and

sought to collect on it from Plaintiff.

15. Within one year prior to the filing of this action, Defendant began a campaign of collections calls to Plaintiff.

16. Defendant supplemented its collection calls by sending Plaintiff collection letters.

17. Plaintiff explained to Defendant that he is not obligated on the Debt and that he is a victim of identity theft.

18. Plaintiff filed a police report regarding the identity theft.

19. Plaintiff forwarded a copy of the police report to Defendant, yet Defendant persists in its collection efforts against Plaintiff.

20. Defendant threatened that it will take Plaintiff's tax return.

21. Defendant further reported negative information on Plaintiff's credit reports.

22. Despite Plaintiff's imploring Defendant to cease collection, Defendant represented to Plaintiff that it would not stop its collection efforts unless the Debt was paid, irrespective of the identify theft.

23. Defendant's actions negatively impacted Plaintiff's credit and are the source of great concern, worry, frustration and emotional distress.

## IV. FIRST CAUSE OF ACTION

**(Against all Defendants for Violations of the Fair Debt Collection Practices Act)**

24. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b) Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a

debt;

(c) Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(e) Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(f) Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(g) Defendants 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(h) Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

26. As a result of the above violations of the Fair Debt Collection Practices Act, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V. SECOND CAUSE OF ACTION

**(Against all Defendants for Violation of the Rosenthal Act)**

27. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

28. Defendants violated the Rosenthal Act, by including but not limited to, the following:

////

(a) Defendants violated California Civil Code §1788.10(e) by threatening any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law;

(b) Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

(c) Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as referenced above.

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the Debt.

30. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

31. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the Rosenthal Act and Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI. THIRD CAUSE OF ACTION

**(Against Defendants for Violation of the Identity Theft Act)**

32. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff is a victim of identity theft.

34. Plaintiff provided written notice to Defendants that a situation of identity theft may exist more than 30 days prior to the filing of this action.

35. Defendants failed to diligently investigate the Plaintiff's notification of a possible identity theft.

36. Defendants continued to pursue their claim against Plaintiff after Plaintiff

presented facts pertaining to the identity theft.

37. Defendants are in violation of Civ. Code § 1798.92 *et seq.*

38. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

39. Defendants are liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code § 1798.92 *et seq.*

## VII. FOURTH CAUSE OF ACTION
### (Against Defendants for Violation of the

40. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

41. Based on information and belief, Defendant made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer).

42. Defendant improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions. Defendant's violations include, but are not limited to, the following:

   (a) By repeatedly making calls using an automatic telephone dialing system, to the Plaintiff's cell phone using an automated telephone dialing system without Plaintiff's express consent and to the expense of Plaintiff in violation of 47 U.S.C. §227(b)(1)(A)(iii).

43. As a result of the above violations of the TCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the TCPA, Plaintiff's actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

////
////

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to California Civil Code §1788.30(b) and §1788.30(c);

(d) A declaration that Plaintiff is not obligated to the Defendants on the Account pursuant to Civ. Code §1798.92(c)(1);

(e) A declaration that any security interest or other interest the Defendants had purportedly obtained in the Plaintiff's property in connection with that claim is void and unenforceable pursuant to Civ. Code §1798.92(c)(2);

(f) An injunction restraining the Defendant from collecting or attempting to collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in the Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Civ. Code § 1798.92(c)(3);

(g) Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate pursuant to Civ. Code § 1798.92(c)(5);

(h) A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000) pursuant to Civ. Code § 1798.92(c)(6);

(i) Statutory damages of $500 per telephone call and, additional $1,000 per call, pursuant to 47 U.S.C. 227(b)(3)(B);

(j) Punitive damages; and

(k) For such other and further relief as the Court may deem just and proper.

Date: 3-19-2014

_____
Octavio Cardona-Loya II,
Attorney for Plaintiff

7
COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: 3-19-2014

_____
Octavio Cardona-Loya II,
Attorney for Plaintiff